UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK EMBROIDERY STUDIO, INC.,

Plaintiff,

-against-

UNIFIRE, INC.,

Defendant.

23-CV-4670 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff New York Embroidery Studio, Inc. ("NYES") alleges that Defendant Unifire,

Inc. ("Unifire") failed to pay a third-party, which then failed to pay NYES, for disposable

isolation gowns that NYES manufactured and shipped. Unifire did not file an answer or

otherwise make an appearance, and NYES moved for default judgement. For the reasons set

forth herein, Plaintiff's motion is DENIED and the case is dismissed without prejudice because

Plaintiff failed to show that the Court has personal jurisdiction over Defendant.

## BACKGROUND

On or about September 14, 2020, Unifire entered into two contracts with the United

States Defense Logistics Troop Support Agency ("DLA") for the supply of disposable isolation

gowns (the "Gowns"). ECF No. 1 ("Compl.") ¶ 5, ECF No. 24-4 ¶ 3. Unifire then issued three

purchase orders ("Purchase Orders") to Contollo Mass Manufacturing LLC ("Contollo") for the

Gowns. Compl. ¶ 6. The Purchase Orders were signed by both Unifire and Contollo. *Id*. Contollo

subsequently subcontracted the production of the Gowns to NYES, who manufactured and

delivered the Gowns. *Id*. ¶ 7. The Gowns that Unifire ordered were delivered from Contollo. *Id*.

¶ 8.

NYES is a corporation incorporated in, and with its principal place of business in, New York. *Id*. ¶ 1. Unifire is a corporation incorporated in, and with its principal place of business in, Washington. *Id*. ¶ 2.

According to NYES, Unifire "failed to and refused to pay Contollo for certain gowns that were delivered and received." *Id*. ¶ 8. On October 7, 2021, NYES and Contollo entered into an Assignment and Cooperation Agreement ("Assignment Agreement"), wherein Contollo assigned to NYES "all of its rights, title and interest in and to the accounts receivable from Unifire under Contollo's Invoice Nos. 84212 and 84216." *Id*. ¶ 10. Unifire was paid by DLA, and NYES alleges that Unifire continues to refuse to forward that payment to subcontractors. *Id*. ¶ 13.

NYES filed this Complaint on June 2, 2023, alleging two causes of action for breach of contract and one cause of action for breach of implied contract. *Id*. ¶¶ 14–26. On September 26, 2023, NYES filed an affidavit of service stating that Unifire was served with the summons and Complaint on July 28, 2023, making Unifire's answer due August 18, 2023. ECF No. 6. On October 5, 2023, in light of the fact that Unifire did not answer or otherwise make an appearance, the Court ordered NYES to file a motion for default judgment. ECF No. 7. NYES filed a motion for default judgment on November 3, 2023, ECF No. 9, which the Court denied without prejudice for failure to comply with the Court's Individual Rules and Practices in Civil Cases, ECF No. 10.

NYES obtained a Clerk's Certificate of Default and filed its renewed motion for default judgment on December 1, 2023. ECF Nos. 15, 16. On December 4, 2023, the Court ordered that Unifire show cause as to why an order should not be issued granting default judgment against it. ECF No. 18. To date, Unifire has not answered the Complaint or otherwise appeared in this action.

Following the show cause hearing on January 22, 2024, the Court ordered NYES to submit a brief explaining why the Court has personal jurisdiction over Unifire, describing how service was properly effectuated, setting forth NYES's position as to which state law applies to NYES's claim, and attaching the relevant agreements between Contollo and Unifire. Jan. 23, 2024 Text Order. On March 22, 2024, Plaintiff filed its brief. ECF No. 24 ("Br.").

## LEGAL STANDARD

A default judgment rendered by a court that lacks jurisdiction over the parties is void. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (internal citations omitted). Accordingly, "before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (internal citations omitted). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 728 (2d Cir. 2012).

## DISCUSSION

NYES has failed to establish that the Court has personal jurisdiction over Unifire. NYES does not contend that the Court has general personal jurisdiction, but rather argues that Unifire is subject to specific jurisdiction in New York pursuant to New York's long-arm statute, N.Y. C.P.L.R. Section 302(a)(1). *See* Br. at 5–8. The "court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Plaintiff must meet two requirements to establish personal jurisdiction under Section 302(a)(1): "(1) The defendant must have transacted business within the state; and (2) the claim asserted

3

must arise from that business activity." *Eades v. Kennedy PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (internal citation omitted).

"[T]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) (quoting *Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830, 834 (N.Y. 2007)); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (cleaned up) ("New York courts define transacting business as purposeful activity—some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.").

In its brief, NYES raises few connections to New York. NYES first argues that the Gowns were manufactured, tested, and shipped to DLA from New York. Br. at 4. That NYES manufactured the Gowns in New York does not mean that Unifire purposefully availed itself of New York, "because a plaintiff's unilateral activities cannot support a finding of personal jurisdiction over a defendant." *Navaera Scis., LLC v. Acuity Forensic Inc.*, 667 F. Supp. 2d 369, 375 (S.D.N.Y. 2009) (internal citation omitted). NYES has presented no evidence that Unifire knew, at the time of executing the Purchase Orders with Contollo, that Contollo would subsequently subcontract its manufacturing obligations to NYES or that any activity relating to its agreement with Contollo would take place in New York. *See* ECF No. 24-2; *see also Gordian Grp., LLC v. Syringa Expl., Inc.*, 168 F. Supp. 3d 575, 587–88 (S.D.N.Y. 2016) (holding that the court did not have personal jurisdiction where, although the plaintiff and defendant entered into a contract and the plaintiff performed its obligations from New York, nothing in the contract required plaintiff to do so); *Emery Mukendi Wafwana & Assocs., P.C. v. Mengara*, No. 20-CV-

9788 (VEC) (KHP), 2022 WL 2392510, at *7 (S.D.N.Y. May 19, 2022), *report and recommendation adopted*, No. 20-CV-9788 (VEC), 2022 WL 2392498 (S.D.N.Y. June 30, 2022) (finding no personal jurisdiction where there were no allegations that the defendant actively sought to conduct business with a New York-based firm). In the absence of such evidence, NYES has not established that Unifire engaged in any purposeful activity in New York related to this dispute.

NYES additionally argues that Unifire transacted business in New York because (1) NYES and Unifire worked together to draft and submit proposals for other government contracts; (2) NYES and Unifire had a few virtual meetings to discuss and prepare the proposals; and (3) a Unifire executive met with the owner of NYES in New York City to discuss the proposals. Br. at 4; ECF No. 24-4 ("Feinberg Decl.") ¶ 10. "Courts are skeptical of attempts to assert personal jurisdiction based on a single meeting in New York," and courts afford a meeting even less weight when it is not related to the negotiation of a contract. *Gordian Grp.*, 168 F. Supp. 3d at 587; *see also Three Five Compounds, Inc. v. Scram Techs., Inc.*, No. 11-CV-1616 (RJH), 2011 WL 5838697, at *11 (S.D.N.Y. Nov. 21, 2011) (collecting cases). And more importantly, although evidence of a company "transacting business" within New York may include contractual negotiations between parties, it is crucial that the contractual negotiations have an "articulable nexus" or "substantial relationship" to the underlying dispute. *See Best Van Lines, Inc.*, 490 F.3d at 246. The communications between NYES and Unifire for other government contracts are unrelated to the dispute here and do not form the basis for personal jurisdiction.

NYES's additional argument in favor of exercising personal jurisdiction also fails. NYES argues that the Assignment Agreement stated that it would be governed by the laws of the State

of New York, and that this choice-of-law clause weighs in favor of exercising personal jurisdiction. *See* Br. at 8–9; ECF No. 24-6 ¶ 10. The Assignment Agreement, to which Unifire is not a party, cannot form the basis for personal jurisdiction as to Unifire.

NYES does not provide any other evidence of Unifire transacting business in New York related to the instant matter, nor can it: simply put, there is no contract between NYES and Unifire. Contollo's unilateral assignment of its contractual obligations to NYES is not sufficient to establish that Unifire has transacted business in New York or otherwise purposefully availed itself of the New York market with respect to the contract at issue here. Indeed, if assignment of a contract so substantially changed this Court's assessment of personal jurisdiction, defendants would be at risk of unforeseeably being hailed into jurisdictions. *See Emery Mukendi*, 2022 WL 2392510, at *7 (internal citation omitted) (stating that "the requisite minimum contacts must provide a fair warning to the defendant of a possibility of being subject to the courts of the forum state").

## CONCLUSION

For the foregoing reasons, NYES's motion for default judgment is DENIED and the case is dismissed without prejudice. The Clerk of Court is respectfully directed to terminate ECF No. 16 and to close the case.

Dated:  August 13, 2024
        New York, New York

                                            SO ORDERED.

                                            *Jessica Clarke*
                                            _____

                                            JESSICA G. L. CLARKE
                                            United States District Judge